IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON ALCORN,

Petitioner,

vs.                                           CIVIL NO. 16-cv-00418-DRH

CHARLIE DANIELS,
*Warden, Terre Haute*

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner was convicted of possessing drug paraphernalia, for which he received a 90-day visiting restriction and a 90-day MP3 restriction, as well as lost 41 days of good conduct time. Petitioner asserts that he was denied due process throughout all stages of the disciplinary process. He seeks restoration of his lost 41 days of good conduct time and requests that the incident report be expunged. (*See* Doc. 1 at 8.)

This case is now before the Court for preliminary review of the petition pursuant Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## I.  Habeas Petition

On November 26, 2014, a correctional officer (Lieutenant Horn) located a hypodermic needle within a pair shoes after having reviewed video surveillance showing Petitioner carrying those shoes into a prison common area and placing them on a table. That same day, Petitioner was placed in the Special Housing Unit ('SHU") without explanation. He claims he was not given an incident report or detention order. (*See* Doc. 1 at 10.)

On December 3, 2014, Counselor Carmichael held a Unit Disciplinary Committee ("UDC") hearing in which he questioned Petitioner while the latter was still in the SHU. Petitioner complained to Carmichael that he had not received an incident report or otherwise been provided notice of the charges against him. Petitioner requested a staff representative and Carmichael ended the meeting. Before leaving, he slid an incident report under Petitioner's door. The incident report states that Petitioner did not participate in the UDC hearing. (*Id.* at 10-11.)

Upon being released from the SHU, Petitioner obtained a staff representative. The staff representative attempted to review the video surveillance evidence, but the Special Investigative Services staff informed him that the video had not been preserved. (*Id.* at 11.)

Petitioner provided his staff representative with a list of witnesses and questions for Petitioner's upcoming hearing with the Disciplinary Hearing Officer

("DHO"). One witness, Investigating Officer Lieutenant Wingerd, said that he did not remember if he gave Petitioner an incident report and admitted to Petitioner that he may have filled one out when Petitioner was asleep, as he sometimes does when inmates are sleeping. (*Id.*)

On April 12, 2014, the disciplinary hearing was held the DHO. Petitioner explained to the DHO that he was not given notice of his charges and that he was not questioned or otherwise allowed to participate in the investigative process. He argued that he was therefore unable to request that the video evidence be preserved. The DHO eventually grew impatient with Petitioner's arguments, and eventually told Petitioner that he was finding him guilty of possessing drug paraphernalia. When Petitioner argued that he had not yet been given permission to call his witnesses, the DHO replied that his punishment would get worse (perhaps including a fine up to $500) if he "wanted witnesses." His staff representative told him to "just go before it gets worse." (*Id.* at 12.)[1]

On June 1, 2015, Petitioner filed a Regional Administrative Remedy Appeal. The appeal was denied. He refiled it on July 6, 2015. On September 8, 2015, he filed a Central Office Administrative Remedy Appeal. It was also denied. He claims that "[i]t was refilled [sic.] and accepted on November 2, 2015," but that "[n]o response has been forthcoming as of March 15, 2016." (*Id.* at 2.) The instant § 2241 petition followed. (Doc. 1.)

---

[1] Petitioner states that the DHO's decision was based on the fact that Petitioner did not address the prohibited act at all during the disciplinary hearing, and that he was seeking to prove his innocence based on a "technicality." (*Id.* at 13.)

## II. Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when it challenges the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly brought in a § 2241 action. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Petitioner presents a due process challenge to his disciplinary sentence. In the context of a prison disciplinary hearing, due process requires that the prisoner receive: (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *Wolff v. McDonnell,* 418 U.S. 539 (1974). A disciplinary decision must be supported by "some evidence" to satisfy due process. *Scruggs*, 485 F.3d at 941 (quoting *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (revocation of good conduct credits must be supported by "some evidence" in order to satisfy due process concerns)); *Austin v. Pazera,* 797 F.3d 437 (7th Cir. 2015); *Granberry v. Smith*, 754 F.3d 425, 426 (7th Cir. 2014).

Petitioner's request for restoration of good conduct credit is properly raised in the habeas petition. *Jones*, 637 F.3d 841 (presenting due process claim);

*Waletzki*, 13 F.3d 1079 (denial of good time credits lengthened sentence and brought claim within ambit of § 2241). His claim of specific due process violations in connection with disciplinary charges and hearing are also properly addressed in this habeas action. Without commenting on the merits of Petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[2] of the Rules Governing Section 2254 Cases in United States District Courts.

### III.   Disposition

**IT IS HEREBY ORDERED** that respondent shall answer the § 2241 petition (Doc. 1) or otherwise plead within thirty days of the date this order is entered (**on or before June 6, 2016**).[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS ALSO ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 5th day of May, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.05.05 14:55:31 -05'00'

**United States District Judge**